MEMORANDUM **
Craig Peters appeals from a grant of summary judgment to Aramark Uniform and Apparel, Inc. (“Aramark”) on his claims of tortious discharge under Nevada law. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.
The district court correctly granted Aramark summary judgment on Peters’ claim that he was terminated because he filed a worker’s compensation claim. The undisputed evidence is that he would have been re-hired after his worker’s compensation leave ended.
Also unavailing are Peters’ arguments that temporal proximity, shifting explanations for his termination, and the involvement of Aramark’s Risk Management division in the termination support an inference of retaliation sufficient to defeat summary judgment. Even assuming Peters’ allegations provide some inference of retaliation, “retaliatory discharge under [Nevada] law may not be had upon a *570 ‘mixed-motives’ theory.” Allum v. Valley Bank, 114 Nev. 1313, 970 P.2d 1062, 1066 (1998). Rather, “a plaintiff must demonstrate that his protected conduct was the proximate cause of his discharge.” Id. Peters did not tender sufficient evidence to create a genuine issue of material fact on this issue.
The district court also correctly granted Aramark summary judgment on Peters’ claim that he was terminated because he complained about an allegedly unlawful company policy. Even assuming that Nevada law would support a tortious discharge theory on the facts alleged, Peters offers nothing more than “temporal proximity” as evidence of retaliation. Absent any other evidence, an eleven month time lapse between protected activity and termination does not create a genuine issue of material fact sufficient to defeat summary judgment. Under Nevada law, “[t]o support a claim of tortious discharge, the evidence produced by the employee must be concrete” and “supported by independent evidence.” State v. Eighth Judicial Dist. Court, 118 Nev. 140, 42 P.3d 233, 240 (2002) (per curiam) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.